# United States District Court

Arthur Burnham

V.

4:17cv 40005

worcester county and
massachusetts government ETAL.

## AMENDED
## VERIFIED COMPLAINT BENCH TRIAL DEMAND

## INTRODUCTION

This is a civil Rights action ADA damage claim filed under 42 USC §12203 (Anti-retaliation Provisions) by Arthur Burnham A Pre-trial detainee at the worcester county Jail Alleging Jail officials did retaliate But-for cause of the Plaintiffs activity Protected under this Chapter. The complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is Plausible on its face, Alleging Jail officials did Abuse their Power and employ it As An instrument of oppresion to interfere, intimidate and harrass the Plaintiff in the free exercise or enjoyment of rights Granted or Protected under the ADA. Complaint further Alleges Jail officials took A series of vindictive Actions based on impermissable consideration and Attacked the Plaintiffs' Protected class. Complaint is devoid of formulaic recitation of elements And asserts factual enhancement compliant with Fed. R. Civ. P. 8(a)(2). All inferences flow rationally from the underlying facts.

Plaintiff's prima facie case has facial plausibility and supports fact with exibits which allow this court to draw reasonable under the "Plausibility standard" of TWOMBLY, 550 U.S. 127 S.Ct. that the defendants are liable for unlawful retaliation under the ADA, also violating 42 USC §1983 const. Amend. 1, 14 Equal protection of the Laws.

## Jurisdiction

1. This court has Jurisdiction under §1331

## Parties

2. Plaintiff is Arthur Burnham (oppressed civil rights victem by his state)

3. The Defendant is worcester county Massachusetts government. (under ADA pursuant to §5)

4. The Defendant is worcester county sheriff Evangelidis, he is sued in his official capacity and his individual capacity.

5. The Defendant is superintendent James Trainor, he is sued in his official and individual capacities.

6. The Defendant is Deputy Mcmillan, he is sued in his official and individual capacities

7. The Defendant is Lt. Muara, he is sued in his official and individual capacities.

8. The Defendant is officer kasic he is sued in his official and individual capacities.

9. The Defendant is officer sullivan he is sued in his official capacity and individual capacity.

10. The Defendant is officer carlo he is sued in his official and individual capacity

11. The Defendant is Sgt. Bristol he is sued in his official and individual capacities.

12 The Defendant is wocester county Jail special operations group member John Doe of July 5, 2017 he is sued in his official capacity.

13. The Defendant is special operations Group of July 6, 2017, Group is sued in their official capacities.

14. The Defendant is correct care solutions inc., They are sued in the official capacity.

15. The Defendant is correct care solutions inc., Nurse of Jan 26 2017 she is sued in her official capacity.

16. The Defendant is correct care solutions inc., nurse elexsis, she is sued in her official capacity.

17. All Defendants acted under color of law at all times relevant to this complaint

17.5. T

# FACTS

18. Plaintiff is engaged in multiple ADA damage claims against the defendants: 4:16-40057, 4:16-40061, 4:16-40156, 4:16-40167 and others, as well a Protected conduct under First and Fourteenth Amendment as well as Statue 42 USC §12101 on 1/11/17 in Exibits 1,2,3. Also writ writer for steven stone.

19. Plaintiff suffered "materially Adverse" Actions, most at the hands of the defendants in a squalid attempt to deter Plaintiff from vindicating ADA rights by intimidation, threats, coercion, interference, Battery, all in relaliation for the free exercise or enjoyment of rights Granted or Protected under the ADA.

20. In Dec 2016 Plaintiffs Amended complaint 4:16-40057 was Placed in outgoing mail Addressed to the United States District Court. Complaint was 125 pg. Complaint was tampered with And key Pages in facts were removed All reference key causation facts in Critical Parts of Prima facie case.

21. On 1/11/2017 Plaintiff Gives Lt. Muara 3 envelops Containing Requests for Due Process hearing, Declaration in support and a Memorandum of law. Crux of notice was 7 months worth of D/L. Plaintiff stated he had major depression, S.I., and

Punishment was in excess because of the filing of federal lawsuits. Envelopes were addressed to Deputy trainor and Deputy Tuttle. see Exibit 1-3.

22. On 1/12/17 the next morning Plaintiff is dressed to go to Clinton court. At Approx. 7:30 Am Plaintiff is hand cuffed by defendant Kasic. Plaintiff is escorted by the control Booth. Inside carlo and Bristol Are Laughing At this writer.

23. Plaintiff tell Kasic that the laughing is Getting old And its not Going to Bother me.

24. Kasic immediately starts Harrassing the Plaintiff over the lawsuits.

KASIC: "Arthur Your lawsuits Are A Joke. Nobody cares about you. You filed these cases and nobody is Going to do nothing. Your the laughing stock of the whole Jail. You don't think weve been told. THE UNITED STATES COURT is Going to do nothing. Nobody Beleives You. I'm Just trying to sAve You the trouble".

PLAINTIFF: "Nice try kasic. sAve it for Your interrogatories".

25. Plaintiff did Get depressed on this day to have Such A seed planted in his head over my Judicial Process. Luck has it I Brought reading material with me. Ex Parte Yang. Hudson 468 and PARRATT 451, mathews v. Eldridge And zinermon v. Burch.

26. Plaintiffs depression turns to laughter as defense Attorney says the state has only Produced 1½ min. of video of me being Chained down on 11/13/17 out of 21 hrs of restraints.

27. Plaintiffs return to worcester Jail in the After noon. Defendant bristol is there to escort.

BRISTOL: "So you Press Charges Against me."

PLAINTIFF: "Your named in Your official capacity, and I dont want to talk about it. I'm not Going threw what I went threw this morning. Let Just save it for Due Process."

BRISTOL: "what due Process. Nothing is going to happen. were Just going to show XR our reports and it will be over. You cant Prove none of this."

PLAINTIFF: "look sgt. why dont You worry about answering the complaint under oath that you did not tell me to tie sheets Around my neck and hang myself. You'll Go to my funeral. All while Putting me in Chains."

BRISTOL: "Thats Hearsay"

PLAINTIFF: "Sorry sgt. thats not what Hearsay is and Yes you Are going to have to Put on Paper in a Answer as well As An interrogatory im going to Give you under oath You did not say those things. CPt. Anderson too. That he did not say he was going to lie to the United States Judge."

BRISTOL: "We aint going to say anything. nobody is going to beleive you. we got the reports. Its our word against yours".

PLAINTIFF: "SGT. Im all done. Im sorry you dont understand. First you are going to have to put facts on paper. So go ahead and lie. I hope you guys get a fact finder polygraph."

BRISTOL: "They cant do that."

PLAINTIFF: "I dont know what they are going to do. But at some point I dont think the judge is going to be happy with 6 corrections officers perjuring themselves in the court of the united states.

28.     Plaintiff is returned to his cell. cell is the result of a Persona penological security search. All case law is thrown in a pile on top of bed. Sheet are thrown under mattress where where its very dirty as its an old Jail. However legal envelopes on top Bunk- Are not Been Flipped threw and are in good order. Plaintiff beleives the search was retaligatory but its the first time this has happened in my 40 days of being in seg. Having just spent the day reading Parratt and Hudson search is "random" and not "Predictable". Plaintiff spent the rest of the night reorginizing cell and did not react in any negative behavioral activity of protest as it was probably assumed I would by officers because the cell was pretty destroyed.

29. 1/13/2017 the next day at 8:30 Plaintiff is placed in handcuffs by defendant carlo, who does put cuffs on as tight as possible. Plaintiff did not speak a word to carlo all the way to intake.

30. Plaintiff is returned from court in late afternoon this time his cell has been completely trashed. All case law again is thrown in a pile. However this time all United states large envelopes are dumped. Approx. 4 large envelopes full of complaints, copies of, and notices are all mixed up with case law. sheets are again under dirty mattress. All my blank legal envelopes to send outgoing mail have been thrown away. I Also am missing my copies to amended complaints. Plaintiff is now presented with a near impossible task to reorginize

31. Inmates in cell 47, 34 told me what had taken place. see affidavits under oath. (stating carlo did searches at approx. @ 8:30 am. a mail delivery or ruse at 11:30. Another cell search at 3:30 in which cell was destroyed also material thrown away).

32. I asked carlo at 6:30 if I got any mail. He said "yes I threw it away". An hour later I ask Carlo in a nice vioce. "come on carlo did I get any mail." [CARLO: "What dont you understand. I told you I threw it in the trash".] Jerks. Thats what I get for 45 days worth of forgiveness. I hold no negative energy per laws of attraction. I even say thank you when they feed me.

33. Around 10:30 Pm (same day) After being refused Grievances throughout the day I covered my camera to Get A Sgt. to come. Sgt. oneill came with carlo. I explained the fixrementioned and I want to know if I Got A letter from my familly And if carlo still has it in the Booth or something. Carlo interrupted and said Quit being A cock, You Blame me for ~~Everything stuff~~ All the time so I threw Your ~~that thing~~ shit Away. I Also told Sgt. oneill I want my light turned off Carlo locked it on high Beam. Sgt oneill said he had to Go home.

34. On 1/14/17 I seen CPt. Anderson and SGT. Johnson on rounds. I Asked cpt. Anderson to Please stop this because there is no need im in seG where You All want me and Im nice to All officers tell them to stop trashing my cell and turn my light off. I said now You know You Are liable As supervisor. CPt. Anderson said ~~xxxx~~ "I dont care sue me Arthur." SGt. Johnson said "fuck him".

35. my light was left on high beam for About A week

36. officer Began to slam my food trap closed very loudly. As hard As You can slam steel on steel. Just As stated in A DIA Claims.

37. On or About Jan. ~~24~~ or ~~25~~ or 26[27] I Got my ~~xxx~~ meds which is crushed welbutrine Poured into A cup of water. As I Drank it I noticed it was A

Big pile of chalklike powder. I said yuk what was that, that aint welbutrine. (note welbutrine is a knumbing type of med very distinct). The nurse bursted out laughing. She could not even control her excitement or enjoyment. No suprise on her face what so ever. Well Plaintiff was knocked out cold for twelve hours. Could not even stand up straight to take a pee.

38. At night I seen Cpt Anderson, Deputy Mcmillan, and Sgt Johnson. Also the nurse was doing rands nurse Anne. I told the nurse what had happened she said very sarcasticlly "I dont know what to tell ya" she said it twice same tone. So I said to Cpt Anderson and Deputy Mcmillan I want a grievance because these nurses Drugged me. Anderson kept walking Mcmillan look right at me and said "Fuck you". The nurse laughed out loud.

39. Plaintiff could not take being messed with any more. The noise hostility, the isolation the harrassment. Plaintiff cut his wrist open again.

40. Plaintiff recieved stitches and was placed on suicide watch again after 50 days of excellent behavior on seg status doing legal study for redress.

41. Plaintiff was transfered to middlesex county H.O.C. on 2/02/2017 where the same pattern of retaliation would imeadiately repeat itself. see complaint Burnham v. Commonwealth ETAL (8/10/17)

42. Plaintiff was returned to Worcester H.O.C. June 29 2017 and was Placed in A-1 cell 4. light was left on high beam. I asked officers to turn it to low Beam they said "not". (sgt. oneill). so I covered my camera for most of the fourth of July weekend. on July 4 at 3:00 PM defendant Kasic comes to my window And say Artie Hows your lawsuits going. I told You they would do nothing. Your A joke Artie. Plaintiff Got out of Bed went to the window and explained it was unconstitutional to harrass me over the lawsuits and He should Probably Just Go do his Job.

43. Around 4:00 Pm defendant Sullivan came to my door and rattled my food trap Back and forth very loudly. Plaintiff Got out of Bed As soon as Sullivan said "Burnham refused" (food). Plaintiff said try it Sullivan. You aint Got the same Person here now. I know more About Federal rights than you know. Sullivan kept saying "Ya But You refused" multiple times. Plaintiff was feed After a few min. of this. But Sullivan and kasic kept harrassing Plaintiff verbally so I covered my camera. So my camera had Been covered 8-12 hrs at a time at different time during the weekend. Now cpt. Anderson Activates a S.O.G. extraction team After camera is covered for 30 min or so. Plaintiff was sprayed with Gas and shot with non-leathal weapon. Plaintiff was not Yeilding on constitutional rights on July 4. no they had to shoot me several times on this one.

Plaintiff was extracted and placed in a restraint Chair where CPt. Anderson Assured me I would be found Criminally responsible for Burning the Police Car and told me to spell his name right in lawsuits.

44. In the morning of July 5 2017 After A small protest in the shower cage Deputy trainor told me U.S. Judge in worcester was going to do nothing.

45. Plaintiff in full compliance was placed in A restraint bed in cell #7. One officer decided to put left hand cuff high on the forearm on the Back-side of the soft restraint. The handcuff was also twisted in an Awqward way in which pinched the Forearm Bones. Plaintiff didn't notice it right away Because it takes a few Before You realized how tight Your restraints are the Pain and swelling increase with time. Nurse Elexsis Does restraint Check. She is the defendant in 40057 who did not send me for stitches when You could see my Artery and she deliberately left A Pen tip in my arm in nov.(16) she asked me to wiggle fingers ect. But never says nothing About the restraint ~~handcuff~~ handcuff Being high on the forearm insted of on the wrist where it Belongs.

46. Plaintiff became serverelly distressed in Pain at about the hour mark. Plaintiff asked several times for officer to remove cuff from forearm or ~~twist~~ loosen. Lt. muara said no. Plaintiff was in servere Pain by the two restraint Check with nurse ~~exs~~ elexsis. CPt DeGnault,

Lt. muara. Plaintiffs' left hand was swollen red. was completely knumb. when officers removed left cuff there was a very large indent mark around left forearms. Lt. muara said "look it matches the rest of your scars."

47. Plaintiff said he was going to file a lawsuit. Lt. muara said thats a threat and said extend him for another two hours.

48. The next day on 7/06/2017 Plaintiff was escorted to the shower by S.O.G team. Plaintiff took a shower while S.O.G team filmed him as filming officers laughed. Plaintiff calmly stated I did not think fourth amendment reasonableness of bodily privacy allowed you filming me in a caged safety shower.

49. Plaintiff noticed the three officers at the shower were male. As the three officers brought the Plaintiff down a flight of stairs in A-1 housing. A fourth officer was standing at the exit door also in full helmet and non-leathal weapons. This officer was ~~looks thru~~ was opposite-sex Chealse Stafford (liklely) the same opposite-sex officer alleged in 40057 (as well as Burnham v. Carb) to have been placed in front of Plaintiff while performing anal ~~sex~~ area strip search to be demeaning and humiliating. Plaintiff was brought to intake.

50. Plaintiff was now noticing officers smirking at him. Then officer told me to strip search while female officer was directly positioned in front with

A non-leathal weapon as complained in 40057.
Plaintiff stated he did not have to strip in front of female officers.

51.   Female officer removed herself from area and Plaintiff complyd with strip search.

52.   Plaintiff requested all his legal property and personal property for transfere asking several time under filming.

53.   Plaintiff's medical records and legal discovery material (in form of cd's) (video evidence) in which he is Pro-SE in Clinton court and a court ordered the production of, was deliberately not transfered upon request. (Also same video evidence in 40057 of excessive use of force 21 hrs in restraints)

54.   On 7/31/2017 Plaintiff now in 1# Bristol county program was transported to Clinton District Court by Worrester County officers.

55.   Plaintiff was asked by an officer in transport what he was going to do with all the money I'm going to win with all these lawsuits. Plaintiff defered to P.L.R.A. restrictions. ~~Then the officer asked for was pleading not today. I am representing myself~~ Plaintiff said that I was going to file suit again for S.O.G. team on July 4 placing that hand cuff high on the forearm cutting off my circulation. Plaintiff explained seizure of the body has to be reasonable and cant cause an injury.

56. Plaintiff arrived at clinton district court at 9:13 am 7/4/17. Also Present was local worcester Jail transport van unloading imates for court. Plaintiff was Brought into court lockup. court officer John Doe told the Plaintiff to kneel on Bench As it is the Custom, Practice, or Procedure to exchange leg irons with the court And remove Belly Chains.

57. court officer told the Plaintiff Forget it they Are Going to leave you in those Chains. Plaintiff stated no you can't. Its An unreasonable Seizure of my Body And I'm representing myself today How Am I Going to look through my note And make Presentation to the Judge like this- court officer Just shut the door.

58. All other worcester detainees Present All had their leg irons exchanged And Belly Chains removed.

59. Plaintiff was left in holding cell in Belly Chains And was forced to represent himself under A situation where his hand were. seized to his stomach unable to Present motion By Properly refering to his notes And memorandum of law. Causing PreJudice. nexus is motion was For Arguments in the case of A 21 hr unreasonable restraint by the same officers

60. Plaintiff was forced to stay in shackles And Belly Chains from 7:30 am until 2:00 Pm w/out Any limb recreation. 7 1/2 hours while officers laughed. A squalid Attempt to oppress but Also An Attempt to Promote a Behavioral response.

# ANTI-RETALIATION (ADA)

61.   Plaintiff claims the foregoing para-
graphs and prima-facie case contains sufficient factual
matter, accepted as true, to state a claim to relief
under 42 U.S.C. §12203

62.   There exists explicit rights-duty-
creating language in this case (§12203(a)) see e.g. @
Sholtz v. city of Plantation Florida, 344 F.3d 1161 (2003)
("Thus the anti-retaliation provisions not only un-
equivocally confers on those who it protects a federal
right to be free from retaliation, but imposes a correl-
ative duty on all individuals to refrain from such conduct")

(a) Plaintiff was engaged in constitutionally
protected activity under 42 U.S.C. §12132 title II
ADA against the defendants in this complaint.

(b) Plaintiff suffered "materially adverse"
actions at the hands of the defendants.

(c) The adverse actions are causally
related to ADA protected activity. see e.g. @
Burlington Northern & santa fe Rail Co. v White,
548 U.S. 53, 68 (2006)

## ADVERSE - OBJECTIVE STANDARD

63. The Plaintiff claim the officials conduct was "materially Adverse." The filing of the lawsuits Generated such ill-will towards the Plaintiff. The defendants in A system-wide Abuse of Power entered into A maliciously orchestrated campaign to inJure oppress the Plaintiff in retaliation, causing substantial emotional, Physical, and legal injuries see, Rubinovitz, 60 F.3d at 912. Conduct became substantial in Gross at a cognizable level of executive Abuse of Power in which "shocks the conscience". (forced Psychotropic medication) see, Rochin V. California. Also see, Bart, 677 F.2d at 625

(1) Interfering with Right of access to the courts by tampering with outgoing Federal ADA Amendment 4:16-40057 removing Pages in Prima facie facts At vital Points to hide facts crucial to state causation for the Judicial redress. This conduct was calculated to frustrate ADA rights, And reduce likelihood of obtaining redress by hiding "conscience shocking facts".

(2) 7 1/2 months of disciplinary Punishment Grossly disproportionate to the offense.

(3) Verbal harrassment over lawsiuts. Stating Im A Joke And they were told U.S. court Are going to do nothing.

(4) Cell searches targeting legal work for disorginization.

(5) Removing Blank envelopes so Plaintiff cannot send out going mail.

(6) Returning mail to mail room for unauthor- ized correspondence. then stating to Plaintiff mail was thrown it the trash.

(7) refusing Grievances
(8) constant illumination 300 watts
(9) noise hostility (servere noise)
(10) Abusive language (Profanity)

(11) Forced Psychotropic medication w/out informed consent with malicious and sadistic intent.

(12) repeating (8), (9), and (10) July 5 (7months later.)

(13) excessive force in restraint Practice caused significant Physical injury by Placing handcuff high on Forearm on the top side of A soft restraint with malicious intent to cause injury. Then sadistically showing enjoyment of 1/4 inch dent of redness on wrist by stating "look it matches You other scars".

(14) repeated strip search in front of female staff with retaliatory intent to be demeaning and Anti-thetical to human Dignity.

(15) lost or refusing to transfere legal discovery related to ADA Damage claims As well As medical records used in ADA DAMAGE claims.

(16) unreasonable seizure of the body on 7/31/17 with malicious retaliatory intent. Also on 8/15/17 (very likly to deter A Person from Pursuing suit on state.)

64. Plaintiff claims the "materiality" of the conduct above defined objectively from A reasonable Person would be considered Adverse... Here each Act standing Alone stressfully Altered conditions of confinement. However if this Court considers the Acts in aggregate, the retaliatory effect of harm caused Became "substantial in Gross". see. Hicks V. Bains, 593 F. 3d 159, 165 (2d cir 2010). A reasonable Jury could conclude these Acts are more than sufficient to deter A Person from filing ADA lawsuits. In fact such "chilling effect" would deter Any inmate or detainee in the worcester house of correction from Pursuing Any type of First Amendment Activity to include Grievance Practice. Percisely "why such

retaliation offends the constitution as it threatens to inhibit exercise of the protected right" see, e.g. @ Crawford-El V. Britton, 523 U.S. 574, 588 n.10 118 S. Ct. 1584 (1988)

## CAUSATION & MOTIVE / INTENT

65. Plaintiff claims the defendants bad faith vindictive actions have a causal nexus to the Plaintiffs constitutionally protected ADA activity. Here the Plaintiff will plead a basis sufficient to give plausible inference of retaliation for exercise of §12132 title II... However Plaintiffs' prima facie case is also based on Equal Protection. Plaintiff will also plead a Hieghtened causation standard below in The Equal Protection section. see, Arlington Heights, 429 U.S. at 267

## TEMPORAL PROXIMITY

66. The temporal proximity between the Protected ADA damage claim and the Adverse actions is (30days) between 16-40057 amendment and esculation of Bad faith acts... (24 hours) between request for a Due Process hearing and Bad faith acts. Between ADA retaliation claim against Healy (A.6.) ~~And~~ with notice of appearance and motion to dismiss and Adverse Prolonged restraints in court is 60 days.

# IMPROPER INTENT/CAUSATION

67. INVIDIOUS Discrimination or Improper intent "may often be inferred from the totality of circumstances or relevent facts." see, Yick WO V. HOPkins, 118 U.S. 356, 362-363 (1886) ("with An evil eye and unequal hand").... Here all Adverse Actions "flow rationally from the underlying facts", And reveals a series of Actions taken for invidious Purpose in retaliation for ADA activity. The supreme court stated that "context matters" in a finding of causation. see Burlington NO., 548 U.S. at 69... The first circuit stated that when the interval between a complaint and the alleged retaliation is attenuated, chronological data, by itself does not forge the causal link needed to establish a Prima facie case of retal- iation. Ahern V. shinseki, 629 F.3d 49, 58 (1st cir 2010)

68. Here this Pro-SE has Both "context" Highly suggestive of causation as well as corroborating evidence of requisite knowlege of ADA Activity by the officials and evidence of animosity But-for cause of that protected Activity. see Exibits

69. Plaintiff will identify several factors used by The supreme court in Village of Arlington Heights, 429 U.S. 252 (1977) to identify ~~several~~ factors that can be used to determine intent or motivation behind Government Action. Id 264-65. Pro-SE beleives STRICT SCRUTINY should be Applied to this Pleading As in Arlington.

# THE HISTORICAL BACKGROUND

70. Plaintiff first filed 4:16-cv 40057 in June 2016 AlleGing the defendants were retaliating for haven filed A civil Rights Action AGainst southbridGe Police and the Dudley District court in 2015. The complaint AlleGed inter Alia Desparate treatment, noise Hostility, Access to court, withholding Federal mail. Demeaning strip searches in Front off Opposite-sex staFF. The complaint was later Amended to An ADA damaGe claim.

71. Plaintiff in Nov 2016 ADA DAMAGE claim AGainst Defendant trainor AlleGing trainor called Burnham into his office upon return from court shut the lights off in An Attempt to intimidate the Plaintiff. AFter turning lights back on trainor Asked the Plaintiff what he thought was Going to happen to him for file law-suits. further Asking Plantiff if he needed toilet Paper (refering to loss of bodily function in (40061).

73. On Nov-13 2016 Plaintiff was restraind for a 1hr without limb exercise causing Nerve damaGe on right hand. CPt. Anderson referenced multiple contemporaneous statements over lies to the united states District court And referenced Prior lawsuits.

74. Plaintiff filed Burnham v. Anderson shortly there After. (Nov 19-20?)

75. Plaintiff was Placed in seGreGation And leGal Books And material were seized And withheld by Defendants.

76. Plaintiff was refused Grievances or access to medical for nerve damage in what Right hand. Nov.14-∞.

77. Plaintiff cut his arm open at the artery after severe hostility imposed upon him to point of hopelessness. Plaintiff lost the tip to a pen he was cuttin with inside his arm (fat layers) due to not being able to feel his right thumb. (Its still knumb 10 months later).

78. Defendants refused to give stitches or help get metal peice out of arm on Nov. 25 2016.

79. Plaintiff began to write Grievances and medical slips on the wall in fecal matter because no officer would allow either, nurses would ignore all requests for help. Plaintiff wrote U.S.C. § 1983 Dockets on walls in perfect writing (not smearing)

80. On Nov. 28, 29, 30, and Dec. 5, 2016 as the Plaintiff asked daily to have painful peice of steel remaned from his arm w/out response from nurses or staff. Plaintiff wrote complaints on walls and the incident reports fail to describe what Plaintiff is writing all four reports state "spreading" fecal matter as opposed to the truth of writing medical slips for help and U.S. codes as well as "Burnham V. Anderson 4:16cv40167". Basically Plaintiff is told he will not get any help or legal until he goes to segregation. On or about Dec 1 2016 Deputy McMillan hand Plaintiff a crayon and taughnts Plaintiff over legal concerns state Psy.D. Brasier says I can write my concerns down with this. When I told McMillan I was going to send it as evidence to U.S. Court it was ripped out of my hands and thrown in the toilet.

81. Dec-7 (About) Plaintiff decides to go to Seg. And start Legal Amendment to 4:16-4005Z. All Seg. officers new Plaintiff was Drafting large Amendment.

82. late Dec. or early Jan 125 Page Amend. was Given to Seg-officers to mail. Mail was tampered with and key Pages removed.

83. On Jan 11,2017 After 30 days of very Good behavior Plaintiff requested Due Process Hearing on sanctions (see Exibit). The next day on the 12 Plaintiff was Attacked on multiple Prongs. (And yes it was An Attack on mental Well Being) Also in Jan 2017 Plaintiff wrote for As writ-writer Steven Stone V. Worcester County Government Against these defendants. Complaint Alleged inter Alia "Constant illumination" Claim.

## SPECIFIC SEQUENCE of EVENTS

84. The Prior lawsuit activity was is bitterly Contested and Generated substantial ill-will. As well An ego maniacal response to Application of Power. see, e.g. @ Olech V. Vill. of Willowbrook, 160 F.3d at 388. The Prior Protected Activity motivated the defendants to single out the Plaintiff for oppression and vindictive treatment. see United States V. Richardson, 418 U.S. 166, 192 (1974) (Powell, concurring) Also see A Class of one Clarification of the subtleties of Equal Protection JurisPrudence in equal Protection arbitrariness or disparate treatment cases in Esmail V. Macrane, 53 F.3d 176 (7th cir 1995) ("the Charge here is that A Power-ful Public official Picked on a Person out of sheer vindictiveness")

85. GOVERNMENTAL DECISIONMAKER'S ATTITUDE regarding the Protected conduct. A hostile attitude suggests an improper motive. Id. Here on Dec. 1 McMillan shows hostility and sarcasm toward Plaintiff legal Process. Kasic on Jan. 12 2017 shows hostility and resentment over lawsuits calling them a joke and nothings going to happen. On the same day Bristol also display hostility toward Protected conduct. McMillan states "Fuck you" when asking for a Grievance to redress forced Psychotropic meds.(1/28?) ~~Analysis~~ on 1/14/17 Cpt-Anderson said "Sue me" Arthur I dont care. Sgt Johnson said "Fuck Him". See, e.g. @ Jetstream ~~the~~ AERO Serv., Inc. v- New Hanover County, No- 88-1748, 1989 WL 100644 (4th cir August 15, 1989)

86. CHANGES IN THE COURSE OF DEALINGS AMONG THE PARTIES. from Dec 7, 2016 ~ JAN 11, 2017 Plaintiff was well behaved in SEG doing legal work. After filing ADA damage Claim amendment 40057 also write writer for Stone (ADA) and 24 hrs After JAN 11, 2017 Request for a Due Process Hearing defendants changed course and attacked Plaintiff and left others alone

87. DIRECT PROOF. Plaintiff has come forth with corroborating Evidence that other similarly situated individuals in all relevant Aspects were treated more favorably. See, e.g. @ Jimenez v- City of New York, 605 F- Supp. ,2d 485, 529 (S-D- N-Y- 2009) (citing Summer v- U.S. Postal Serv., 899 F-2d 203, 209 (2d cir 1990) Also local case (1st cir) Ahern v- Shinseki, 629 F-3d 49.58 (1st cir 2010)

# EVIDENCE

(1) SWORN AFFIDAVITS of desparate treatment and hostility.

(2) Docketed Amendments of 4:16-40057 missing key PAGES in FACTS unlikely "MERE lack of Due care by A filing Plaintiff.

(3) APProved Grievance exibit of 40057 showing A repeated PAttern of obstructing Plaintiff Federal mAil pertaining to Federal lawsuits. ( CONTEXT)

(4) D-Board sanctions showing excessive Punishment and disciPlinary reports failing to Paint An Accurate Picture of the facts surrounding the incidents.

(5) ENVELOPE And letter from mother stating mail had been returned to sender. ENVELOPE has Blacked out A unAuthorized correspondence and shows A recycling threw mAil system At the time of the sworn AFFIDAVits stated carlo threw mail in the trash

# REQUISITE KNOWIEGE

88. All Defendants referenced And had A "GenerAl corporate knowleGe" of ADA Activity During HarrAsment. Wyeth Pharms., Inc., 616 F.3d 134, 148 (2d Cir 2010)

89. DEPARTURES from the NORMAL PROCEDURAL SEQUENCE
Defendants departed from normal Procedure Per JAil Policy to Allow Grievances to by filed After the formentioned Acts. Id at Arlington, 429 US. 252 at 268

90. Defendants Departed from normal Procedure Placing a handcuff on the forearm on the Backside of the soft restraint. All other limbs handcuffs were Placed infront of soft restraints on wrist and Ankles. on July 5, 2015. Id.

91. Defendants departed from Policy of informed consent doctrine in forcing Pshychotropic Medication. Id.

92. Defendants departed From normal Produre by failing to Properly investigate complaints of being forced Psychotropic medication As Special Sruc. refused to interview After multiple requests by Plaintiff to case worker Dan And deputy Tuttle. Id.

93. Plaintiff demanded legal Property to be transfered with him to Bristol county on 7/6/17. Defendants departed from normal Procedure refusing to transfere discovery.

94. Defendants refused to Allow D-Board Appeal forms After Sanctioning 7 1/2 months of time even After Plaintiff went to see Appeal forms were not Provided.

# GRAVE UNFAIRNESS

95.  (XX) Procedures Placed upon Burnham durring disciplinary sanctions (unconstitutional). Policy Allowed for Appeal of sanctions. Burnham was denied in Bad faith. Also 7 months of sanctions for writing civil Rights Dockets And U.S.C codes on the wall After Being deprived care And Grievances was excessive, And not decided by impartial decision-maker. Thus Arbitrary and constitutes Punishment for the Pre-trial detainee if retaliation was A motivating factor. see, Bell v. Wolfish, 441 U.S. at 538-39.... Here there is "Substantial evidence in the record to indicate officials have exaggerated their response" in the sanctions. failing to consider All facts in why the Accused was forced to write on his walls requests for medical attention for nerve damage do to restraint Practice or the day Before thankGiven nurses leaving A 2inch self inflicted wound wide open exposing the Artery, and then leaving A metal object in his arm After Being told it fell inside wound, As later confirmed by XRAY. Such "Blind deference" to the facts is Procedure that fosters Goals other than "order" or "fair discipine". see U.S. v. Gotti, 755 F.Supp 1159, 1164 (E.D.N.Y. 1991).... Also to ignore mental Health consider-ations of multiple suicide attempts. Ignore 50 days of Good behavior And Professional Due Process motion requesting Ajustment in sanction. Attack the well behaved Plaintiff for requesting Due Process does not comport with traditions of FAiR Procedure And rises to "Shock the Conscience" level of Arbitrary Behavior and Governmental [Abuse] of Power. Collins v. Harker Heights 503 U.S., 112 S. Ct. 1061 (1992)

~~Plaintiff claims he had a Private interest~~
~~Protected by the text of the constitution. And the officials~~
~~in "Bad faith" worked a deprivation of those constitutionally~~
~~Protected interest~~ ~~not time for Due Process Pleading~~

96. Plaintiff now forced to use SCRAP PAPER.
~~was now~~ Typical Abusive conditions. Thats
ok Bristol Got A §12203 coming soon.

97.            ON JULY 5 2017 at Approx 8: Am
Plaintiff was in the caged shower A had A nice little
Peaceful Protest over defendant Kasic And Sullivan
harrassing Plaintiff over lawsuits on July 4 2017.
   Deputy Trainor came to Plaintiffs shower And Plaintiff
explained Kasic and Sullivans Harrasment and noise
hostility As well As taughnting Plaintiff with refusal
to feed. Deputy Trainor stated He supported his
officers conduct and to make sure I spell his
name right in the lawsuits. 15 minutes later
S.O.G. Team officers in Placing Plaintiff in A
restraint bed departed from Procedure Placing
restraint high on forearm Pinching the Bones. This
ParaGraph shows Actual Nexus Between This Activity
And trainor. morespecific Provision of Graham v
conner requires this Plead under fourth Amendment.
Plaintiff has nor the availible Paper or Pens left to Plead
A Fourth Amend Addendum. (Plaintiff is being deprived
right of access At Bristol County As well) Therefore this
incident will be Plead under §12203 only.

98.    Plaintiff can Identify and relate to specific instances where Persons situated similarly "in All relevant aspects" were treated differently, instances which have the capacity to demonstrate that the [Plaintiff] was "singled...out for unlawfull oppression".

(1) in oct-Nov. inmate on suicide status (Just As was the Plaintiff) James Converse was smearing fecal matter All over cell A1-16 "Daily". James Converse was not even sanctioned And in a couple day was cleared from watch And Placed in lower A1. while the Plaintiff only wrote his Civil Rights Dockets on the wall in Perfect Penminship And was Giving 7 1/2 months of D/L status with no rights to Appeal (see exibits)

(2) As stated Above in (      (10) ) on 7/31/17 All other detainees in transport to Clinton court had shackles And Belly Chains removed, while the Plaintiff didn't.

(3) On 1/13/17 Plaintiff cell was destroyed And his legal mail was disorginized, blank envelopes thrown Away, light Placed on high Beam constant illumination, Subjected to hostile language, And noise hostility, harrassment of U.S. Postal mail returned to mail Room, while inmates Jonathan louis Quiles cell A2-48, And william statk-iewicz were not subjected to Any of this.

(4) On or about 1/27/17 Plaintiff was forced Psychotropic medication by nurses (also carlo's wife is a nurse) in which incapacitated Plaintiff for 12hrs. Plaintiff was treated with hostility and laughter by nurses and senior officials when attempted to seek Administrative Assistance, while Both inmates Jonathan louis Quiles A2-48 and A2-34 william statkiewicz was not treated so. (see Exibits)

99. Plaintiff claims as stated above compared to to others similarly situated (1) he was selectively treated; and (2) that such selective treatment was based on impermissible considerations, as intent to inhibit or punish the exercise of Constitutional rights under the first amendment and Statue 42 USC § 12132 title 11 (ADA)

(5) In-mate Quiles was seen by behavior Health and medical on 1/26/15 after putting in requests slips. I Put in requests slips complaining of Pain still where the metal Pen was hitting A tendon inside my Arm and for An infection on my head (see Exibit in medical record of middlesex county Feb 2017). I was never seen. (see Affidavit of Quiles 1/26/17) Rather than Address my medical concerns nurses Decided to Drug me in retaliation for stating I was going to file A lawsuit.

100.  The Plaintiff claims he has distinguished Pre- and Post- harassment and all reasonable inferences "flow rationally from the underlying facts". That is the suggested inferences do "ascend to what common sense and human experience indicates is an acceptable level of ~~xx~~ Probability". See Rubinovitz v. Rogato, 60 F.3d 906 (1st ci 1995) at 911 quoting, National Amusements, 43 F.3d at 743.

## TEXTUAL HISTORY of EQUAL PROTECTION

101.  The Equal Protection Clause is a foremost means for all individuals, regardless of status, (suspect class, fundimental Rights, or class of one) to combat the increasingly "ABUSIVE POWER" of Government. Equal Protection lives to fulfill the thrust of MARBURY V. MADISON, 5 U.S. (1 Cranch) 137, 163 (1803) (" the very essence of civil liberty certainly consists in the right of every individual to claim the Protection of the laws, whenever he recieves an injury")...... 82 Years later the United States Supreme court observed that " Constitutional Provisions for the security of Person and Property should be liberally construed... It is the duty of courts to be watchful for the ~~xxxxx~~ constitutional rights of the citizen, and against stealthy encroachment thereon." Id. at Accord, Boyd V. United States 116 U.S. 616, 635 (1885) Attn. MASS stealthy Acts in 1585cr00462 (Bad Faith)

102.    Justice LEWIS POWELL once described the highest end of Judicial review as Protecting " the constitutional rights of citizens.... against oppresive or discriminatory governmental action." United States V. Richardson... In 1954 one court held a Equal Protection violation may be Premised upon Proof that Government officials " are 'guilty' of 'grave unfairness' in the discharge of their responsibilities." see, Bolling V. Sharpe, 347 U.S. 497, 498-99.

103.    Government misuse of "Purely Personal and Arbitrary Power" has been Condemned from Yick Wo V. Hopkins, 118 U.S. 356, 369 (1886) to Esmail V. Macrane, 53 F. 3d 176 (7th cir 1995)

104.    Plaintiff claims he has set-forth specificity the elements for "cause of action" for violations of Anti-retaliation Provision of the ADA 42 §12203 and Equal Protection §1983, 1, 14 And the Burden of Proof he must carry to succeed.

105.    Plaintiff claim the defendants violated his civil Rights under 42 U.S.C. §12203 (ADA) as well as 42 U.S.C. § 1983 Const. Amend. 1, 14 (Equal Protection)

# DUE PROCESS

105. Plaintiff claims the defendants actions as stated in his Prima Facie case states a Procedural and substantive Due Process Claim under 1983. Plaintiff had a Private interest Protected by the text of the constitution (first, sixth, and fourteenth Amendments); And (2) the officials worked a deprivation of those constitutionally Protected interest "wilfully" and in "bad faith". officials Abused [their] Power and employed it as an instrument of oppresion. see, Deshaney V. Winnebago County Dep't of Social Services, ~~xxx~~ 489 U.S. at 196

## PRIVATE INTEREST

107. Plaintiff had a Private interest in his conditions of confinement satisfied certain minimal Standards for Pretrial detainees, see Bell V. Wolfish, 441 U.S. 520, 535, n.16, 545 (1979)

108. Plaintiff had a Private interest in fair Procedure to access medical for Pain caused by a Peice of metal deliberately left in his Arm, as well as Nerve damage to his right hand.

109. Plaintiff had a Private interest in being Able to obtain medical care as a Pretrial detainee.

110    Plaintiff had A Prevate interst in recieum in betnt A Pen that works att Bristol county house of correchin

111- Plaintiff right of Access is Frustrated. This Amendment is Frustrated.

112- Plaintiffs Due Process Claim is Frustrated.

# Claims for relief

113. The actions of defendants Worcester County Massach-usetts Government and Sheriff Evangelidis who failed to adequately train officers or investigate the widespread practice or policy of singling out the Plaintiff for vindictive treatment as this custom was so wide-spread and very substantial in gross occurring over 1½ years. Evangel-idis had actual knowlege of the Plaintiffs Federal lawsuits because Plaintiff wrote him multiple letters asking for a compromise. Sheriff Evangelidis had the "power" and a "duty" to take prompt and adequate corrective action. Sheriff Evangelidis instead chose to act with "discriminatory purpose". This failure to act was But-for cause of the adverse actions adverse effects upon the Plaintiff's protected class (fundimental rights, right of access, disability). The failure to act itself violated the constitution and was otherwise deliberately indifferent to the Plaintiff's constitutional rights as well a statutory rights under the ADA. The [s]ubsequent acceptance of a dangerous recklessness by policy maker Evangelidis created a policy or custom a "tacit authorization" and with that knowlege the agents, servants and employees of the sheriff abandoned all sense of "fundimental fairness" and subjected Plaintiff to "grave vindictive acts" violating the Plaintiffs' substantive Rights under the fourteenth amendment Equal protection of the laws and the first amendment. Also violating Anti-retaliation provisions of the ADA 42 USC § 12203, 28 CFR § 35.134(a)(b), 28 CFR § 36.206(a)(b)(c)(1)(2)(3)

114. The Actions of defendant CPt. Anderson on Jan. 13, 2017 who directly Participated in Pupose full discrimination by stating he did not care about carlo's reckless conduct ("I dont care arthur sue me") Anderson acted with "discriminatory Purpose". Anderson was Performing a supervisory round in A2-seg. Anderson Had Actual knowlege of many lawsuits on Against him. Anderson had the "Power" and a "duty" as supervisor to take adequate corrective action of subordinates behavior. But-for cause of delight in the actions adverse effects upon the Plaintiffs Protected class (Access to courts, fundimental rights, disability) CPt Anderson failed to Act out of sheer Hatred And animosity. This "failure to Act" itself violated the constitution. such Gross negligence in supervising subordinates as well as direct Participation created a Dangerous recklessness by a Policy maker and with that subsequent acceptance of, a recklessness by CPt. Anderson. created a Policy or custom a "Tacit Authorization" in which carlo and others behavior esculated to "Malicious and sadistic" carlo began to Pound on door and slam food trap closed. As did 3rd shift officer 8 hours later (slammed woke violently) Plaintiff was later Drugged by nurses (carlo's wife a nurse). CPt Anderson Acted with Grave unfairness in the discharge of his duties and Abused his Power as a captain. Anderson was deliberately indifferent to the Plaintiffs Federal rights under the first and fourteenth Amendment Equal Protection of the laws. Also such discrimation violated Anti-retaliation Provisions 42 USC § 12203, 28 CFR 35-134 (a)(b), 28 CFR 36-206 (a)(b)(c)(1)(2)(3)

115. 107. The Actions defendants KASIC. And Bristol on Jan. 12, 2017 And Kasic, Sullivan on July 5, 2017 of singling out the Plaintiff and taunting him over lawsuits filed against them was a vindictive Governmental action based upon impermissable consideration (right of access, fundimental rights) violating the Plaintiffs substantive rights under the first and fourteenth Amendment to Equal Protection of the laws. The retaliatory actions also discriminated against the Plaintiff and intimidated the Plaintiff in his free exercise or enjoyment of rights Granted and Protected under the ADA (§12132) violating Anti-retaliation Provisions 42 USC §12203. & 28 CFR §35-134(a)(b), 28 CFR §36.206 (a)(b)(c)(1)(2)(3).

116. 108. The Actions of defendant Carlo on Jan. 13, 2017 of singling out the Plaintiff for differential treatment by harrassing cell search targeting legal Property for disorganiz-ation, throwing out Blank envelopes, taunting Plaintiff over throwing mail and legal Property in the trash, returning mail from mother to mailroom, Placing Plaintiffs cell light on constant illumination Greater than 300 watts for 5 days was a vindictive Governmental Action based upon impermissable consideration (Right of access, fundimental rights) as well as a discriminatory action to Purposely cause harm upon the Plaintiff's Protected class under the ADA (major depressive d/o, Adjustment d/o, siezure d/o, Borderline Personality d/o). Such wilful and wanton recklessness violated the ADA under title II §12132. And the first and fourteenth Amendments to Equal Protection of the laws (Also with noise hostility in slamming food trap, and hitting door)

Carlos' retaliatory Actions also discriminated against the Plaintiff and intimidated ~~against~~ the Plaintiff in the free exercise of or enjoyment of rights Granted and Protected under the ADA (§ 12132) violating anti-retaliation Provisions 42 USC § 12203, 28 CFR § 35-134 (a)(b), 28 CFR § 36-206 (a)(b)(c)(1)(2)(3).

The Actions of Deputy mcmillan on Jan 27 2017 who chose to cancel Complaint is Frustrated

Complaint is Frustrated Purposely

[ Purposeful oppression ]
[ Hiding Behind younger abstention ]
[ Right of access ]

[ Fundimental Rights ]

I'm out of time (order)

~~officer~~ officer sikva did try to get me a Pen. I've Been A kins for days 5 days Asking for Pen. Everything is A Big Jailie Joke

Plaintiff seeks relief

Signed under penalty of perjury on 8/18/17 Arthur Burnham

Arthur Burnham,